Guy R. Cohen (gcohen@dglaw.com)
Dominick R. Cromartie (dcromartie@dglaw.com)
Sean Cameron (scameron@dglaw.com)
DAVIS & GILBERT LLP
1740 Broadway
New York, NY  10019
Telephone:  (212) 468-4800
Facsimile:  (212) 468-4888

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A.,<br>a French Société Anonyme,<br><br>                Plaintiff,<br><br>   v.<br><br>HYUNDAI MOTOR AMERICA,<br>a California corporation,<br><br>                Defendant. | 10 Civ. 1611 (PKC) (AJP)<br><br><br>**DEFENDANT HYUNDAI MOTOR<br>AMERICA'S ANSWER TO THE<br>AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**ECF FILED** |

Defendant Hyundai Motor America ("Hyundai"), by its attorneys, Davis & Gilbert LLP,

answers the Amended Complaint (the "Complaint") filed by plaintiff Louis Vuitton Mallatier,

S.A. ("Plaintiff"), as follows:

1.    Denies the allegations contained in Paragraph 1 of the Complaint.

2.    Denies the allegations contained in Paragraph 2 of the Complaint, except admits

that Plaintiff purports to bring this action for the reasons stated therein.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 3 of the Complaint.

4.    Admits the allegations contained in Paragraph 4 of the Complaint.

5.    Denies the allegations contained in Paragraph 5 of the Complaint, except admits

that Plaintiff purports to invoke the jurisdiction of the Court as set forth therein.

6.    Denies the allegations contained in Paragraph 6 of the Complaint, except admits that Plaintiff asserts that venue is proper in this District for the reasons set forth therein.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, except admits that Plaintiff markets certain luxury products.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint and respectfully refers the Court to Exhibit A of the Complaint for the complete contents thereof.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.    Denies the allegations contained in Paragraph 12 of the Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.    Denies the allegations contained in Paragraph 16 of the Complaint, except admits that Hyundai distributes automobiles in the United States.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, except admits that Hyundai promotes and advertises its automobiles through, among other things, television commercials.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, except admits that Hyundai commercials have aired during the Super Bowl.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20. Denies the allegations contained in Paragraph 20 of the Complaint, except admits that a Hyundai television commercial entitled "Luxury," (the "Commercial") aired during the postgame show following the Super Bowl on February 7, 2010 and respectfully refers the Court to the Commercial for its complete contents and import.

21. Denies the allegations contained in Paragraph 21 of the Complaint, except admits that Hyundai was aware of the Louis Vuitton brand before the creation of the Commercial.

22. Denies the allegations contained in Paragraph 22 of the Complaint and respectfully refers the Court to the Commercial for its complete contents and import.

23. Denies the allegations contained in Paragraph 23 of the Complaint, and respectfully refers the Court to the Commercial for its complete contents and import.

24. Denies the allegations contained in Paragraph 24 of the Complaint.

25. Denies the allegations contained in Paragraph 25 of the Complaint.

26. Denies the allegations contained in Paragraph 26 of the Complaint.

27. Denies the allegations contained in Paragraph 27 of the Complaint, except admits that Plaintiff did not authorize the Commercial.

28.     Denies the allegations contained in Paragraph 28 of the Complaint, except admits that Plaintiff sent Hyundai a letter dated February 12, 2010 regarding the Commercial and respectfully refers the Court to Plaintiff's February 12, 2010 letter for its complete contents.

29.     Denies the allegations contained in Paragraph 29 of the Complaint, except admits that counsel for Hyundai sent Plaintiff a letter dated February 19, 2010 and that Plaintiff responded to Hyundai's letter and respectfully refers the Court to copies of those letters for the complete contents thereof.

30.     Denies the allegations contained in Paragraph 30 of the Complaint, except admits that Plaintiff filed its original complaint on March 1, 2010 seeking the relief stated therein and that Hyundai was served with the original complaint on March 3, 2010, and respectfully refers the Court to the original complaint for the complete contents thereof.

31.     Denies the allegations contained in Paragraph 31 of the Complaint, except admits that the Commercial aired once after Hyundai was served with the original complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, except admits that the Commercial aired during the 82nd Annual Academy Awards on March 7, 2010.

33.     Denies the allegations contained in Paragraph 33 of the Complaint.

34.     Denies the allegations contained in Paragraph 34 of the Complaint.

35.     Denies the allegations contained in Paragraph 35 of the Complaint.

36.     Denies the allegations contained in Paragraph 36 of the Complaint.

## COUNT I
### Trademark Dilution (15 U.S.C. § 1125(c))

37.     In response to Paragraph 37 of the Complaint, Hyundai repeats and realleges its answers to Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.    Denies the allegations contained in Paragraph 40 of the Complaint.

41.    Denies the allegations contained in Paragraph 41 of the Complaint.

42.    Denies the allegations contained in Paragraph 42 of the Complaint.

43.    Denies the allegations contained in Paragraph 43 of the Complaint.

44.    Denies the allegations contained in Paragraph 44 of the Complaint.

45.    Denies the allegations contained in Paragraph 45 of the Complaint.

46.    Denies the allegations contained in Paragraph 46 of the Complaint.

## COUNT II
### Trademark Dilution Under New York (N.Y.G.B.L. § 360-*l*)

47.    In response to Paragraph 47 of the Complaint, Hyundai repeats and realleges its answers to Paragraphs 1 through 46 of the Complaint as if fully set forth herein.

48.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.    Denies the allegations contained in Paragraph 50 of the Complaint.

51.    Denies the allegations contained in Paragraph 51 of the Complaint.

52.    Denies the allegations contained in Paragraph 52 of the Complaint.

53.    Denies the allegations contained in Paragraph 53 of the Complaint.

54.    Denies the allegations contained in Paragraph 54 of the Complaint.

## COUNT III
## False Designation of Origin/Unfair Competition (15 U.S.C. § 1125(a)(1)(A))

55.    In response to Paragraph 55 of the Complaint, Hyundai repeats and realleges its answers to Paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57.    Denies the allegations contained in Paragraph 57 of the Complaint.

58.    Denies the allegations contained in Paragraph 58 of the Complaint.

59.    Denies the allegations contained in Paragraph 59 of the Complaint.

60.    Denies the allegations contained in Paragraph 60 of the Complaint.

## COUNT IV
## Common Law Unfair Competition

61.    In response to Paragraph 61 of the Complaint, Hyundai repeats and realleges its answers to Paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64.    Denies the allegations contained in Paragraph 64 of the Complaint.

65.    Denies the allegations contained in Paragraph 65 of the Complaint.

66.    Denies the allegations contained in Paragraph 66 of the Complaint.

67.    Denies the allegations contained in Paragraph 67 of the Complaint.

## COUNT V
## Trademark Infringement (15 U.S.C. § 1114(1))

68.     In response to Paragraph 68 of the Complaint, Hyundai repeats and realleges its answers to Paragraphs 1 through 67 of the Complaint as if fully set forth herein.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.     Denies the allegations contained in Paragraph 71 of the Complaint.

72.     Denies the allegations contained in Paragraph 72 of the Complaint.

73.     Denies the allegations contained in Paragraph 73 of the Complaint.

74.     Denies the allegations contained in Paragraph 74 of the Complaint.

75.     Denies the allegations contained in Paragraph 75 of the Complaint.

76.     Denies the allegations contained in Paragraph 76 of the Complaint.

77.     Denies the allegations contained in Paragraph 77 of the Complaint.

## ANSWER TO WHEREFORE CLAUSE

Plaintiff is not entitled to any of the relief set forth in the Wherefore Clause of the Complaint.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of fair use.

## THIRD DEFENSE

Plaintiff's claims are barred by the First Amendment.

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of parody, commentary, satire, and/or criticism.

## FIFTH DEFENSE

Plaintiff's claims are barred because Plaintiff cannot establish any damage by reason of any act of Hyundai alleged in the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Hyundai respectfully requests and prays as follows:

1.    That Plaintiff takes nothing by the Complaint;

2.    That the Complaint be dismissed with prejudice and judgment granted in Hyundai's favor;

3.    That Hyundai recover its costs of suit, including attorneys' fees, as the prevailing party under 15 U.S.C. § 1117(a); and

4.    That the Court award Hyundai such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 7, 2010

DAVIS & GILBERT LLP

By:      /s/
         Guy R. Cohen (gcohen@dglaw.com)
         Dominick R. Cromartie (dcromartie@dglaw.com)
         Sean Cameron (scameron@dglaw.com)
1740 Broadway
New York, NY  10019
Phone: (212) 468-4800
Fax:    (212) 468-4888

*Attorneys for Defendant Hyundai Motor America*