UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOUIS VUITTON MALLETIER, S.A.,

        Plaintiff,

v.

HYUNDAI MOTOR AMERICA,

        Defendant.

No. 10 Civ. 1611 (PKC)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HYUNDAI MOTOR AMERICA'S MOTION TO SEAL CERTAIN SUMMARY JUDGMENT PAPERS**

Defendant Hyundai Motor America ("Hyundai" or "HMA") submits this memorandum of law in support of its unopposed motion to seal certain papers filed in support of the cross-motions for summary judgment by HMA and by Plaintiff Louis Vuitton Malletier, S.A. ("LVM").

**PRELIMINARY STATEMENT**

In support of their cross-motions for summary judgment, HMA and LVM have both relied on exhibits that contain HMA's confidential and sensitive information, including documents that show HMA's marketing and advertising budgets, strategies, and analyses. Public disclosure of this information would cause HMA financial harm and place it at a severe competitive disadvantage. These harms outweigh the presumption of access to judicial documents outlined in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006). Moreover, the documents at issue have only minimal relevance to the trademark and First Amendment issues to be decided on the parties' cross-motions for summary judgment. For these reasons, HMA requests an Order (i) allowing it to file seven documents under seal; (ii) allowing

it to redact nine documents; (iii) allowing it to redact six paragraphs from its Statement Pursuant to Local Rule 56.1 in Support of Defendant's Motion for Summary Judgment ("Rule 56.1 Statement"); (iv) requiring LVM to file five documents under seal; and (v) requiring LVM to redact one document.

## PROCEDURAL BACKGROUND

Discovery in this matter was conducted pursuant to a Stipulated Protective Order, so ordered by this Court on November 19, 2010 (the "Protective Order").  Pursuant to the Protective Order, the parties may designate any information produced as "confidential," meaning "confidential or proprietary data, business information, and/or research, development, personnel, commercial or financial information," Protective Order ¶ 1(c), or "highly confidential," meaning sensitive commercial information, such as trade secrets."  *Id.* ¶ 1(d).  The Protective Order lists as examples of "highly confidential" information the following:

> (i) documents or information about new services or products that are in the planning stage or that the designating Party plans to introduce but that are not yet offered for sale; (ii) the designating Party's current or future marketing plans for my of its services or products; (iii) documents or information concerning the pricing of services or products, sales volumes, and advertising expenditures; and (iv) consumer and marketing research and documents that refer or relate thereto.

*Id.*

The Protective Order provides that any documents designated as confidential or highly confidential by the parties are to be filed under seal.  *Id.* ¶ 12.  The Court's addendum to the Protective Order requires that "[a]ny application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 119-120 (2d Cir. 2006) and any other controlling authority."  *Id.* at Addendum to Order.

In an effort to comply with the Protective Order and addendum, the parties agreed to certain procedures set forth in a joint letter to the Court on July 15, 2011, which the Court endorsed and so ordered the same day. Pursuant to that letter, the parties exchanged unredacted versions of their summary judgment papers and submitted a courtesy copy to the Court on July 22, 2011. This motion to seal, which LVM does not oppose, is filed pursuant to the same letter and discusses the need to keep under seal certain of HMA's confidential information contained in the papers filed in support of both parties' summary judgment motions and the exhibits thereto.

## ARGUMENT

### I.    STANDARD OF REVIEW

The standards for filing documents under seal in this Circuit were set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). In that case, the Second Circuit noted that "[t]he common law right of public access" attaches to so-called "judicial documents," including papers filed in support of motions for summary judgment. *Id.* at 119, 126 (citation omitted). Thus, in cases such as this one, courts must "'balance competing considerations against'" this right of public access. *Id.* at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). Valid competing considerations exist where the disclosure of confidential commercial information would subject a party to "financial harm" or could cause a party "significant competitive disadvantage." *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 Fed. App'x 615, 617 (2d Cir. 2009); *see also In re Parmalat Sec. Litig*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) ("Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are 'sources of business information that might harm a litigant's competitive standing.'" (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978))); *see also* Fed. R. Civ. P. 26(c)(1)(G) ("The court may, for good cause, issue an

order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . .")).

## II. DOCUMENTS CONTAINING HMA'S SENSITIVE AND CONFIDENTIAL INFORMATION SHOULD BE FILED UNDER SEAL

Here, the documents sought to be maintained under seal all disclose HMA's confidential and sensitive information, including marketing and advertising strategies, analyses, costs, and budgets; competitive analyses; and sales targets. *See* accompanying Declaration of Linda L. Eastman ("Eastman Decl.") ¶¶ 4-27. The disclosure of this information to the public would place HMA at a significant competitive disadvantage and therefore cause it financial harm. By contrast, the information sought to be sealed sheds little light on the underlying trademark issues before the Court on the parties' cross-motions for summary judgment. Finally, HMA seeks to file only a combined twelve exhibits (two of which are identical) from both parties' summary judgment motions under seal, to redact small portions of ten more, and to redact six paragraphs from HMA's Rule 56.1 Statement, so its request is narrowly tailored to preserve HMA's interests.

### A. Disclosure of the Information Sought To Be Sealed Would Cause HMA Significant Competitive Disadvantage

The limited information HMA seeks to keep under seal is highly proprietary and qualifies for protection from disclosure. *See In re Parmalat Secs. Litig.*, 258 F.R.D. 236, 244-45 (S.D.N.Y. 2009) (noting that "[a]lthough a business's information need not be a 'true' trade secret in order to warrant protection from disclosure," factors relevant to trade secret inquiry are "instructive in gauging whether information constitutes sensitive business information that courts should shield from public scrutiny"). Where, as here, documents attached to summary judgment

4

papers "contain highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting[,] . . . the privacy interests of the defendants outweigh the presumption of public access." *Go SMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (Castel, J.). Accordingly, "it is appropriate for these materials to remain under seal." *Id.* at 650.

The documents sought to be sealed contain HMA's marketing and advertising strategies and budgets, detailed competitive analyses, and sales targets. Eastman Decl. ¶¶ 4-27. This information is kept confidential among those individuals within HMA who need to know it, and it is shared only with those outside entities—such as HMA's advertising agency—that help develop and carry out HMA's strategies. *Id.* ¶ 28. HMA expends significant resources developing this information, in many instances hiring outside research and consulting firms to compile analyses and suggested strategies. *Id.* ¶ 29. This information, if disclosed to HMA's competitors, would give those competitors insight into HMA's most secret strategies, including how it positions its automobiles relative to its competitors and its detailed marketing plans and budgets.[1] *Id.* ¶¶ 31-32. Accordingly, disclosure of this information would cause HMA significant competitive disadvantage and financial harm. *Id.*

In contrast to the substantial harm the public disclosure of these documents would cause HMA, "the protected information sheds almost no light on either the substance of the underlying proceeding or the basis for the Court's decision." *Standard Inv. Chartered*, 347 Fed. App'x at 617 (quotation and citation omitted). For many of the documents which HMA seeks to seal in their entirety, very few pages—sometimes only one—of the lengthy documents are cited in the

---

[1] Although many of these strategy documents are nearly two years old, they pertain to the 2011 Hyundai Sonata, which launched in early 2010 and is still being sold today. The strategy contained in these documents therefore remains highly pertinent to HMA and is the playbook from which its current marketing efforts are being executed. *Id.* ¶ 30.

parties' summary judgment papers.[2]  The key issues in this case are whether HMA's one-second use of a pattern evocative of LVM's trademarks diluted and infringed LVM's marks and whether HMA's use is entitled to protection under the First Amendment.  As set forth in HMA's memorandum in support of its motion for summary judgment, the best evidence regarding these issues is the Commercial itself, which HMA does not seek to file under seal.  The documents HMA seeks to file under seal here are cited primarily for background information and not to make the point that HMA's use did or did not infringe or dilute the LVM Marks.[3]  Consequently, if these documents are made publicly available, the potential harm to HMA would significantly outweigh the benefits of disclosing HMA's confidential, sensitive, and proprietary information to the public, including its competitors.

> **B.     HMA's Requested Sealings and Redactions Satisfy the Narrow Tailoring Requirement**

"Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 456 F.3d at 120.  Redactions satisfy the narrow tailoring requirement. *Standard Inv. Chartered*, 347 Fed. App'x at 617 (concluding "redaction of only the financial data in the IRS correspondence would satisfy the narrow tailoring requirement").  HMA has thoroughly reviewed the documents submitted by both parties and has limited its request to seal entire documents to just twelve, for which the protected information is so pervasive that redactions are

---

[2]  HMA's Rule 56.1 Statement cites one out of 26 pages of Exhibit 20, five out of 52 pages of Exhibit 26, one out of 14 pages of Exhibit 27, one out of 11 pages of Exhibit 28, and three out of 65 pages of Exhibit 29.  LVM's Rule 56.1 Statement cites five out of 69 pages of Exhibit A, one out of 35 pages of Exhibit C, and one out of 14 pages of Exhibit X.

[3]  Notably, of the 12 documents HMA seeks to have filed under seal, none is cited more than three times in the parties' 56.1 statements.  Exhibits 13, 20, 28, 31, T, and X are cited by the parties only once.  Exhibits 27, 29, C, and E are cited only twice.  Exhibits 26 and A are cited 3 times each.

not feasible. It has suggested narrow redactions for ten more exhibits and for its Rule 56.1 Statement. HMA's requested sealings and redactions are no broader than necessary to serve its important interests in maintaining the confidentiality of its confidential, sensitive, and proprietary information.

## CONCLUSION

For the foregoing reasons, HMA respectfully requests that the Court enter an order granting its motion that certain documents be filed and maintained under seal.

Dated: New York, New York
       July 27, 2011

QUINN EMANUEL URQUHART
 & SULLIVAN, LLP

By:   /s/ Angela L. Harris
    Robert L. Raskopf
      robertraskopf@quinnemanuel.com
    Angela L. Harris
      angelaharris@quinnemanuel.com
    Julie B. Shapiro
      julieshapiro@quinnemanuel.com

51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

*Attorneys for Defendant Hyundai Motor America*