USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-27-12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
LOUIS VUITTON MALLETIER, S.A., a
French *Societe Anonyme*,

                Plaintiff,          10 Civ. 1611 (PKC)

    -against-

                                       MEMORANDUM AND ORDER
                                       DENYING SECTION
                                       1292(b) CERTIFICATION

HYUNDAI MOTOR AMERICA, a California
Corporation,

                Defendant.
-----------------------------------------------------------x
P. KEVIN CASTEL, District Judge:

        Hyundai Motor America ("Hyundai") moves to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Docket # 95.) For the reasons explained, the motion is denied.

        This action was commenced on March 1, 2010. (Docket # 1.) On March 22, 2012, following the close of discovery, this Court issued a Memorandum and Order that ruled on the parties' motions for summary judgment. <u>Louis Vuitton Malletier, S.A. v. Hyundai Motor America</u>, 2012 WL 1022247 (S.D.N.Y. Mar. 22, 2012). The Court granted the plaintiff's motion for summary judgment as to defendant's liability for trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c), and New York General Business Law § 360-*l*. <u>Id.</u> at *5-16. The Court also determined that no reasonable juror could conclude that Hyundai's use of plaintiff's marks qualified for fair-use protection under the Trademark Dilution Revision Act of 2006 (the "TDRA"), 15 U.S.C. §1125(c)(3), relying in part on the testimony of witnesses who conceived of and created Hyundai's diluting advertisement. <u>Id.</u> at *16-20. Separately, the Court denied

defendant's motion for summary judgment in its favor as to plaintiff's trademark infringement claim under 15 U.S.C. §§ 1125(a)(1)(A) & 1114(a). Id. at *20-26. Familiarity with the Court's Memorandum and Order is assumed.

I.   Standard for Certification under Section 1292(b).

Section 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

Section 1292(b) "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996). "The question of law certified for interlocutory appeal must refer to a pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." Stone v. Patchett, 2009 WL 1544650, at *2 (S.D.N.Y. June 3, 2009) (quotation marks omitted; citing Century Pac. Inc. v. Hilton Hotels Corp., 574 F. Supp. 2d 369 (S.D.N.Y. 2008)); accord Gottwald v. Jones, 2011 WL 5289471, at *2 (S.D.N.Y. Nov. 3, 2011).

Because "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered," certification under section 1292(b) is only "reserved for those cases where an intermediate appeal may avoid protracted litigation." Koehler, 101 F.3d at 865-66. Certification under section 1292(b) is to be granted sparingly. Id. at 866 (discussing limited number of section 1292(b) certifications); see also Westwood Pharmas., Inc. v. Nat'l Fuel Gas Distribution Corp., 964 F.2d 85, 88-89 (2d Cir. 1992) ("urg[ing] the district courts to exercise great care in making a § 1292(b) certification" while observing that few interlocutory appeals

2

materially advanced litigation). "The institutional efficiency of the federal court system is a chief concern underlying § 1292(b), and the Court of Appeals has repeatedly emphasized that a district court is to exercise great care in making a § 1292(b) certification." In re Adelphia Commc'ns Corp., 2008 WL 5453738, at *1 (S.D.N.Y. Dec. 31, 2008) (Koeltl, J.) (quotation marks and internal citations omitted).

II. An Interlocutory Appeal Would Not Materially Advance This Case.

Certification of an interlocutory appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Indeed, it would indefinitely delay resolution of a trial-ready case. Discovery is complete. The parties' summary judgment motions have been resolved. A final pretrial conference is scheduled for May 23, 2012. (Docket #86.) The parties have been directed to submit all final pretrial submissions no later than May 4. (Docket # 86.) The trial will determine, among other issues, the quantum of damages for plaintiff's dilution claims.

Certification may be appropriate if the appeal "promises to advance the time for trial or to shorten the time required for trial . . . ." 16 Charles A. Wright & Arthur Miller, Federal Practice & Procedure § 3930 (2d ed. 1996); accord Koehler, 101 F.3d at 865-66. In this instance, certification would do neither. Hyundai states that if the Second Circuit were to rule in its favor on an interlocutory appeal, it would "obviat[e] any need for a jury trial." (Def. Reply at 1.) This statement could be applied to any array of judicial orders. Moreover, the Court denied Hyundai's motion for summary judgment as to plaintiff's infringement claims, which are distinct from the dilution claims. The Court concluded that Hyundai failed to establish its entitlement to judgment as a matter of law under the well-established Polaroid factors, which I need not repeat here. Defendant's submissions make no mention of the Polaroid factors, and, as quoted below,

3

the proposed question for certification does not expressly raise the infringement claims. At times, defendant's briefs seem to assert that the denial of its summary judgment motion on infringement would be impliedly reviewed on interlocutory appeal. (Def. Mem. at 13-14.) But given Hyundai's proposed question for certification, even if it were to succeed on an interlocutory appeal, plaintiff's infringement claims would remain, awaiting trial for an indeterminate period.

> III. The Narrowness of Defendant's Proposed Question Weighs against Certification.

The defendant's proposed question for certification raises issues that are limited to the particulars of this case. Hyundai moves to certify the following question for interlocutory appeal:

> [W]hether Hyundai's use of a basketball bearing a pattern (the "Pattern") suggestive of [Louis Vuitton's] well-known fashion monogram (the "LVM Marks") – in a car commercial that provided humorous vignettes of socio-economic commentary on the excesses of luxury by pairing well-known symbols of extravagance with everyday situations to create absurd juxtapositions (the "Commercial") – may be protected by the fair use provision of the Trademark Dilution Revision Act of 2006 ("TDRA"), 15 U.S.C. § 1125(c)(3)(A), or the First Amendment.

(Def. Mem. at 1.) To advance a successful section 1292(b) motion, "a 'legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law.'" In re Fosamax Prods. Liab. Litig., 2011 WL 2566074, at *4 (S.D.N.Y. June 29, 2011) (quoting McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004)). Hyundai's proposed question is premised upon a self-serving, argumentative characterization of the evidence in the summary judgment record. The limited applicability of this question to a wider range of cases weighs against certification. See In re Fosamax, 2011 WL 2566074, at *4 ("An issue of law may

4

also be considered controlling if its resolution will 'contribute to the termination, at any early stage, of a wide spectrum of cases.'") (quoting von Bulow v. von Bulow, 634 F. Supp. 1284, 1312 (S.D.N.Y.1986) (Walker, J.)).[1]

### IV. The Defendant Has Not Coherently Articulated the Six Legal Issues That It Claims Warrant Interlocutory Appeal.

As to the existence of "a controlling question of law as to which there is substantial ground for difference of opinion," 28 U.S.C. § 1292(b), Hyundai argues that six different issues satisfy this high standard. (Def. Mem. at 7-13.)

Certain of its arguments misstate the contents of the Court's Memorandum and Order. Hyundai erroneously asserts that the Court selectively quoted the TDRA's fair-use provision, 15 U.S.C. § 1125(c)(3)(A), to omit the word "including," and speculates that the Court did so by lifting statutory language from the plaintiff's memorandum of law.[2] (Def. Mem. at 8 & n.9.) In fact, the Court quoted the purportedly omitted language. See 2012 WL 1022247, at *6, *16.

The Court also rejected defendant's contention that it is, essentially, immunized against a claim of dilution by blurring because it did not use plaintiff's marks to designate a product's origins. 2012 WL 1022247, at *13. In so doing, the Court did not, as defendant now appears to argue, conclude that creative context of a mark's non-designating use was irrelevant

---

[1] Defendant relies on American Geophysical Union v. Texaco Inc., 802 F. Supp. 1 (S.D.N.Y. 1992), in which then-District Judge Leval granted an application to certify a fair-use ruling for interlocutory appeal. In the same opinion, Judge Leval made extensive findings of fact before concluding that defendants' conduct did not constitute fair use under the Copyright Act. Id. at 9-29. Because the action implicated "thousands of allegedly copyrighted articles and letters" and "the claims of 84 plaintiffs, including innumerable technical defenses" in a case with then-limited discovery, Judge Leval concluded that immediate appeal would materially advance the litigation. Id. at 29. The underlying conduct reflected "extremely widespread" practices among publishers and scientific researchers, and the parties also stipulated that "an appellate ruling that the photocopying was fair use would terminate the action." Id. at 29-30. Here, by contrast, discovery is closed, the case is trial ready, and the proposed question for review does not implicate interests beyond those unique to this case.

[2] Hyundai states: "The Court may have relied on LVM's misleading quoting of the TDRA in its moving brief, which conspicuously omitted the critical word 'including.'" (Def. Mem. at 8 n.9.)

5

to blurring or fair use. (Def. Mem. at 7-8.) Significant portions of the Court's 53-page decision reviewed Hyundai's contention that its ad was an expressive exercise "about an 'old' luxury that stands in contrast with the Sonata line." 2012 WL 1022247, at *19; see also id. at *18 ("'the Commercial's overall intent was not to comment directly on [Louis Vuitton] or the other luxury symbols.'") (alteration in original; emphasis omitted; quoting Def. Supplemental 56.1 ¶ 17).

Without citation to the Court's Memorandum and Order, Hyundai argues that the Court has inhibited speech by adopting an unduly restrictive view of "'hybrid' communications" that combine "artistic expression and commercial promotion." (Def. Mem. at 12-13.) Yet the Court expressly stated that "the TDRA contemplates the protection of parody, criticism or comment *for commercial use*." 2012 WL 1022247, at *20 (emphasis added); see also id. at *16 ("the text of the statute contemplates that fair use may apply in a commercial context.").[3]

CONCLUSION

Certification is inappropriate given the late stage of this litigation, the nature of the proposed question, and the array of issues that Hyundai contends raise substantial grounds for difference of opinion, some of which are imprecisely articulated or meritless. The issues are more properly raised in an appeal after entry of final judgment, where defendant will have ample opportunity to present its full slate of arguments to the Second Circuit.

Defendant's motion for certification of an interlocutory appeal is DENIED. (Docket # 95.) The Clerk is directed to terminate the motion.

---

[3] The Court did, however, distinguish contrary precedent that did not apply the TDRA, including authorities relied upon by Hyundai. 2012 WL 1022247, at *20. The Court also considered testimony from the ad's creators that their motivations for using a modified Louis Vuitton logo in the commercial included "rais[ing] the image of the Hyundai brand in the mind of the consumer" and "represent[ing] luxury definitely laddering and borrowing equity from Louis Vuitton." Id. at *2, 3, 9, 13, 14, 20, 24. The Court considers these to be issues separate from Hyundai's contention that the Court took a restrictive view of "commercial speech." (Def. Mem. at 12-13.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
April 27, 2012